# United States Court of Appeals
## For the First Circuit

No. 13-1585

UNITED STATES,

Appellee,

v.

RIGOBERTO RAMIREZ, a /k/a Chino,

Defendant, Appellant.

Before

Lynch, Chief Judge,
Thompson and Kayatta, Circuit Judges.

**JUDGMENT**

Entered:  June 23, 2014

In this appeal from the reduced career offender sentence imposed following remand, defendant-appellant Rigoberto Ramirez raises the following claims: that the sentencing court erred in 1) finding that his prior Florida conviction for "burglary of a dwelling" qualified as a crime of violence under the residual clause of the career offender guideline, and 2) rejecting Ramirez's argument that the residual clause is unconstitutionally vague.  Appellant's counseled brief acknowledges that these same issues were decided against the defendant in his earlier appeal from the original sentence, see United States v. Ramirez, 708 F.3d 295 (1st Cir. 2013)(Ramirez I), and explains that they are raised here only to preserve the issues for Supreme Court review.  The government has filed a motion for summary affirmance on the ground that appellant's claims are foreclosed by the law of the case doctrine.

In supplemental *pro se* filings, however, Ramirez attempts to invoke the exceptions to the law of the case doctrine.  He contends that the Supreme Court's intervening decision in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276 (2013), and our decision in United States v. Fish, ___ F.3d ___, 2014 WL 715785 (1st Cir. 2014), call into question the correctness of our ruling in Ramirez I that his Florida state conviction qualified as a crime of violence.  Ramirez also suggests

that our decision was made on an inadequate record, and that reconsideration of Ramirez I is necessary to avoid a manifest injustice. See United States v. Wallace, 573 F.3d 82, 89 (1st Cir. 2009)(setting forth exceptions to the law of the case doctrine).

Neither Descamps nor Fish demonstrates that there has been a "material change in the controlling law" with respect to Ramirez I's determination that Ramirez's Florida conviction qualified as a crime of violence under the guidelines' residual clause. Nor has Ramirez shown that the record was inadequate, or that the relevant holding of Ramirez I was "unreasonable or obviously wrong." Id.

In Ramirez I, we held that Ramirez's prior Florida conviction of "burglary of a dwelling" qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(2)'s residual clause. Relying upon James v. United States, 550 U.S. 192 (2007) and United States v. Pakala, 568 F.3d 47, 55 (1st Cir. 2009), which had analyzed the same Florida statute in connection with the ACCA's residual clause, we found that "burglary of a dwelling under Florida law is similar in kind and in risk to the enumerated burglary of a dwelling offense to qualify as a crime of violence under the Guidelines' residual clause." Ramirez I, 708 F.3d at 307.

Decamps

In Descamps, the Court clarified that, consistent with its prior decisions, "[a] court may use the modified categorical approach only to determine which alternative element in a divisible statute formed the basis of the defendants' conviction." Descamps, 133 S.Ct. at 2293. Contrary to Rarmirez's argument in his *pro se* brief, the Florida burglary statute is "divisible," as that term is defined in Descamps. It "sets out one or more elements of the offense in the alternative." Descamps, 133 S.Ct. at 2281. The example that the Court used to define "divisible" was a statute "stating that burglary involves entry into a building *or* an automobile." Id. Here, the Florida statute under which Ramirez was convicted states, in relevant part, that "'Burglary' means entering or remaining in a dwelling, a structure, or a conveyance . . . . " Fla. Stat. § 810.02(1). Therefore, the statute is divisible at least as to the three types of location being burglarized and it was permissible to use the modified categorical approach to determine "which alternative element in a divisible statute formed the basis of the defendants' conviction." Descamps, 133 S.Ct. at 2293.

To the extent that Ramirez argues that, because the definition of "dwelling" includes "curtilage," the offense of conviction was overbroad and could not qualify as a crime of violence under the guidelines' residual clause, that argument was expressly rejected in Ramirez I. Nothing in Descamps calls that ruling into question. In Ramirez I, we did not apply the modified categorical approach to a non-divisible statute or otherwise violate Descamps.

Fish

Nor is the correctness of Ramirez's holding called into question by this court's decision in Fish. In Fish, this court held that breaking and entering in nighttime and daytime did not qualify as a "crime of violence" under 18 U.S.C. § 16(b) because one could be convicted of such an offense in Massachusetts for breaking into any of a wide range of different structures -- not just dwellings. Nothing in that holding, or anything in our discussion of the Massachusetts offense of assault and

battery with a deadly weapon, calls into question the fact, rendered inescapable by the Supreme Court's reasoning in James, that burglary of a dwelling under the Florida statute would qualify as a crime of violence under U.S.S.G. §4B1.2(a)(2)'s residual clause.

### Adequacy of the Record

Ramirez objects that "there are no records which properly state the nature of appellant's Florida burglary offense," and that, therefore, the court was required to "treat [Ramirez's] conviction as the least culpable crime under the statute." However, as this court previously found, "the parties agree[d] that Ramirez was convicted of burglary of a dwelling." Ramirez I, 708 F.3d at 303 n.10. Having failed to raise that issue on his first appeal, Ramirez is barred from doing so now. See United States v. Matthews, 643 F.3d 9, 12-13 (1st Cir. 2011) (the law of the case doctrine "bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal"). Moreover, the original sentencing transcript indicates that the government stated that it obtained the Shepard-approved Florida court documents that established that the offense of conviction was in fact "burglary of a dwelling," and that Ramirez did not contest that statement. Ramirez "cannot meet the heavy burden required to invoke an exception under the law of the case doctrine." Wallace, 573 F.3d at 92. The government's motion for summary affirmance is granted. See 1st Cir. R. 27.0(c).

Affirmed.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Dina Chaitowitz
Christopher Pohl
Mark Quinlivan
David Lewis
Rigoberto Ramirez